**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN CHAVEZ, CDCR #H-16333,<br><br>                        Plaintiff,<br><br>vs.<br><br>KELLY MARTINEZ, Sheriff, MAJORSKY, Deputy Sheriff, JOHN DOE #1, Deputy Sheriff, JOHN DOE #2, Registered Nurse, DR. JOHN DOE #3, M.D.,<br><br>                        Defendants. | Case No.: 3:24-cv-2020-BJC-MSB<br><br>**ORDER DISMISSING CASE** |

On October 25, 2024, Plaintiff Juan Chavez ("Plaintiff"), currently incarcerated at Centinela State Prison and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by failing to safely secure him for transport and failing to adequately treat the injuries he sustained after the transport vehicle he was riding in was involved in a traffic accident. ECF No. 1 at 3–5. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. On February 25, 2025, the Court entered an Order granting Plaintiff's IFP application but dismissed the Complaint without prejudice and with leave to amend. *See* ECF No. 3. The

same day, Court served the Order on Plaintiff by U.S. Mail Service at the address provided in the Complaint. *See* ECF Nos. 1, 5. The Court gave Plaintiff until April 11, 2025, to file an amended complaint that cured the deficiencies identified in the dismissal order and also cautioned Plaintiff that a failure to respond by filing an amended complaint would result in the Court entering an order of dismissal of this action. *See* ECF No. 3 at 10–11.

The time for Plaintiff to respond to the Court's Order has passed, and the Court has received no communication from Plaintiff. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (the Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order). Therefore, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a plausible § 1983 claim and his failure to amend his pleading. The Court **DIRECTS** the Clerk to enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated: June 20, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge